USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-23-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IN RE MOLYCORP, INC.
SECURITIES LITIGATION

------------------------------------------------------------X

13 Civ. 5697 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs move for reconsideration of the Court's March 12, 2015 Opinion & Order dismissing their Consolidated Amended Complaint ("CAC"), which alleges Defendants made material misstatements and omissions in public filings, in violation of Exchange Act §§ 10(b) and 20(a), and Rule 10b-5.[1]  2015 WL 1097355.  Plaintiffs argue that the Court erred in (i) failing to consider as a discrete material misrepresentation Defendants' alleged failure to disclose contractual breaches by a Molycorp contractor; and (ii) denying the motion with prejudice and without leave to amend.  Neither argument has merit; the motion is DENIED.

## BACKGROUND

Between February 2012 and October 2013, Plaintiffs allegedly purchased stock in Molycorp, a Delaware corporation that sells rare earth and metal products.  CAC, Dkt. 28 ¶¶ 1, 18, 39-40.  Plaintiffs allege that during that time period "Defendants materially misrepresented *three* primary facets of Molycorp's operations, and thereby fraudulently and artificially inflated

---

[1] Plaintiffs moved for reconsideration on April 1, 2015. Dkt. 55. On June 25, 2015, Defendant Molycorp filed for bankruptcy, and the Court terminated the reconsideration motion pending resolution of the bankruptcy proceedings. Dkt. 61, 64. On April 8, 2016, the Bankruptcy Court confirmed Molycorp's Chapter 11 reorganization plan, which discharges Plaintiffs' claims against Molycorp. *In re Molycorp, Inc.*, No. 15-11357 (CSS) (Bankr. D. Del.). As such, the Court reinstates the motion only as to Plaintiffs' claims against Individual Defendants Constantine Karayannopoulos, Mark Smith, Michael Doolan, John Burba, and John Ashburn, Jr. Dkt. 69.

1

the price of its securities." *Id.* ¶ 2 (emphasis added). "First, after nearly two years building investors' excitement for a modernization of Molycorp's rare earths mine in Mountain Pass, California, to expand its production capacity to rival industry titans in China, Defendants [allegedly] misled investors by repeatedly representing that the first phase of the project was progressing on schedule and would be completed in late 2012." *Id.* "Second," Defendants allegedly materially misstated "the amount of inventory carried on its balance sheet and its cost of sales." *Id.* ¶ 3. "Lastly," Defendants allegedly touted Molycorp's progress in developing a cerium-based filtration product called SorbX while knowing that Molycorp "was not making meaningful progress in building commercial potential for SorbX, nor was SorbX expected to meaningfully stimulate demand for cerium before or during 2014." *Id.* ¶ 4. In partial support of the first claim (misrepresenting that Phase 1 was progressing on schedule), Plaintiffs allege that contractor M&K Chemical Engineering Consultants ("M&K") performed deficient work, causing Molycorp to incur damages, terminate M&K, and initiate litigation. *Id.* ¶¶ 2, 67-70.

On August 13, 2014, Defendants moved to dismiss. They argued (among other things) that the CAC does not adequately plead Defendants' scienter as to any of the "three sets of alleged misstatements." Dkt. 41 at 8, 15-25. In their opposition brief, Plaintiffs agreed that the CAC alleges misstatements "concerning three aspects of Molycorp's business." Dkt. 48 at 1. And Plaintiffs repeated the three categories of alleged misstatements:

> First, Defendants repeatedly misrepresented that "Phase 1" of Molycorp's modernization of a major mining project . . . was "on track" for completion by the end of 2012. . . . Second, Molycorp repeatedly touted its successes in marketing and gaining market penetration for SorbX . . . Yet, at the time, Molycorp was experiencing significant SorbX quality problems as quantities of unsold SorbX stockpiled. . . . Third, in August 2013, Molycorp admitted that certain of its previously-issued financial statements were materially inaccurate, among other reasons, for failing to properly account for Molycorp's inventory issues, and therefore had to be restated.

*Id.* at 1-2. On March 12, 2015, the Court granted the motion to dismiss. 2015 WL

2

1097355. The Court followed the three-category structure, holding (i) as to the Phase 1 allegations (which include M&K's alleged contractual breaches), the CAC does not adequately plead Defendants' scienter; (ii) as to the SorbX allegations, the CAC does not adequately allege that "these forward-looking statements were made with actual knowledge that the statement was false or misleading when made"; and (iii) as to the financial restatements, the CAC does not adequately plead Defendants' scienter. *Id.* at *9, 13, 14.

In seeking reconsideration, Plaintiffs argue that the Court should have considered a fourth, and until now unknown, category. They claim the Court erred in failing to consider the "separate actionability" of Defendants' alleged failure to disclose M&K's contractual breaches and the resulting damages and litigation, which Defendants allegedly had an independent duty to disclose pursuant to Item 303 of Regulation S-K.[2] Dkt. 56 at 1, 6. Additionally, Plaintiffs assert that the Court improperly denied them an opportunity to amend the CAC after dismissal and entry of judgment so that they can "recraft their pleading so as to address the Court's concerns" and include "additional information . . . [uncovered] during their still-ongoing investigation." *Id.* at 2-3.

## DISCUSSION

### I. Applicable Law

"Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011). "The purpose of Local Rule 6.3 is to ensure the finality of decisions and to

---

[2] Item 303, as interpreted by the Second Circuit, can give rise to Section 10(b) liability based on failure to disclose "known trends or uncertainties . . . that the registrant reasonably expects will have a material . . . unfavorable impact on . . . revenues or income." 17 C.F.R. 229.303(a)(3)(ii); *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 100 (2d Cir. 2015).

prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Id.* (internal quotation marks omitted). As such, "[a] motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced," *id.*, and "[i]t is not enough . . . that [the losing party] could now make a more persuasive argument." *In re Goldman Sachs Group, Inc. Sec. Litig.*, 10 cv 3461 (PAC), 2014 WL 2815571, at *4 (S.D.N.Y. June 23, 2014). "[D]ecisions should not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* (internal quotation marks omitted).[3]

A plaintiff may amend the complaint as a matter of course within 21 days after service of the complaint or a motion to dismiss. Fed. R. Civ. P. 15(a). In all other cases, plaintiff can amend only with the opposing party's consent or the court's leave. *Id.* As a general matter, the court should freely give leave to amend, denying it only in cases of "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility." *Williams v. Citigroup, Inc.*, 659 F.3d 208, 213-14 (2d Cir. 2011). But the inquiry shifts when plaintiff moves to amend post-judgment. "When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion [to grant leave to amend] more exactingly." *Id.* at 213. "[T]o hold otherwise would enable the liberal amendment

---

[3] The standards governing a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) are identical to those under Local Rule 6.3. *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007). The standards governing a motion for relief from a final judgment under Fed. R. Civ. P. 60(b) are similarly exacting, as such relief "is an extraordinary remedy that works against the interest of finality and should be applied only in exceptional circumstances." *In re Optionable Sec. Litig.*, No. 07 cv 3753 (PAC), 2009 WL 1653552, at *2 (S.D.N.Y. June 15, 2009).

policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991). Denial of leave to amend is further warranted where "plaintiffs' submissions do not include a new pleading but only sketches of some of the types of allegations that such a pleading might contain." *In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*, No. 06 cv 643 (GEL), 2008 WL 4962985, at *3 (S.D.N.Y. Nov. 20, 2008).

## II. Analysis

Plaintiffs do not articulate a valid ground for reconsideration. The Court did not overlook allegations that Defendants' failure to disclose M&K contractual breaches constitute discrete, actionable misrepresentations; Plaintiffs never made those allegations. The CAC articulates three categories of alleged misrepresentations, and includes the M&K breaches *within* the first category. CAC ¶ 2. The motion to dismiss correctly interpreted the CAC that way, and Plaintiffs maintained that categorization in their opposition brief. Plaintiffs' failure to clearly articulate what they now claim is a fourth theory of liability is not just a matter of clumsy organization or imprecise argumentation. The Private Securities Litigation Reform Act of 1995 requires that a complaint alleging material misstatements in public filings "specify *each statement* alleged to have been misleading." 15 U.S.C. § 78u-4(b)(1)(B) (emphasis added). Plaintiffs' failure to clearly specify the fourth theory renders the complaint deficient as to that claim. Furthermore, neither the CAC nor Plaintiffs' opposition brief mentions Item 303, a key component of the newly formulated claim. Plaintiffs' motion is an improper attempt to make a new argument that could have been previously advanced or to plug the gaps in a deficient pleading; reconsideration is denied. *Optimal*, 813 F. Supp. 2d at 387.

The Court also declines to exercise its discretion to grant leave to amend. Plaintiffs were on notice from at least August 13, 2014 that Defendants sought dismissal on grounds that the CAC failed to adequately plead scienter. Rather than seeking leave amend anytime in the subsequent seven months, Plaintiffs sought leave only after the entry of judgment and without attaching a proposed amended complaint. The Court will not permit such dilatory tactics. *Williams*, 659 F.3d at 213-14. Nor will the Court upset the judgment to permit Plaintiffs to plug in newly discovered evidence. Amendment is not a "do-over when more facts emerge." *Optionable*, 2009 WL 1653552, at *4.

## CONCLUSION

The Court DENIES Plaintiffs' motion. The Clerk is directed to terminate the motion at Docket 55.

Dated: New York, New York
　　　　May 23, 2016

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge