USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 18, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MOLYCORP, INC. SECURITIES LITIGATION | Civil Action No. 13-Civ-5697 (PAC) |

[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

Exhibit A

**WHEREAS,** an action is pending before this Court entitled *In re Molycorp, Inc. Securities Litigation*, Civil Action No. 13-Civ-5697 (PAC) (the "Litigation");

**WHEREAS,** Lead Plaintiff Gary Armstrong ("Lead Plaintiff") and additional Plaintiffs Ronald Simmers, Gail Fialkov, Macie Jurkowski, Paul Saldana, Brett Huber, and Alan Trempe (collectively with Lead Plaintiff, "Plaintiffs"), on behalf of all Class Members, having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of October 21, 2016 (the "Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice;

**WHEREAS,** the Court is familiar with and has reviewed the record in the Litigation and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Preliminary Approval Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.

3. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a Class defined as follows:

> All persons who purchased or otherwise acquired Molycorp securities from February 21, 2012 to October 15, 2013, inclusive. Excluded from the Class are the Settling Defendants, members of the immediate family of the Settling Defendants, all current and former directors and officers of the Company during the Class Period, and any firm, trust, partnership, corporation, officer, director or other individual or company, entity in which any of the Settling Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors-in-interest or assigns of any excluded Person. Also excluded from the Class are those Persons who request

Exhibit A

exclusion from the Class pursuant to the terms of the Stipulation and related Exhibits.

## I. NOTICE

4. The Court approves, as to form and content, the Postcard Notice of Proposed Settlement (the "Postcard Notice"), and the Long Form Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (collectively, with the Postcard Notice, the "Notice"), Notice of Pendency and Settlement of Class Action to be published on a national business newswire (the "Publication Notice"), and the Proof of Claim and Release form (the "Proof of Claim") annexed as Exhibits B-1, B-2, C, and D hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 5-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23; Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Securities Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7); the Constitution of the United States (including the Due Process clause); and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. The firm of Angeion Group ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Settling Defendants will use reasonable efforts to cause Molycorp's transfer agent to provide to the Claims Administrator, without any charge to the Settlement Fund, Lead Counsel or the Claims Administrator, Molycorp's shareholder lists in electronic form, within fourteen (14) business days after the Court enters this Preliminary Approval Order, and, commencing not later than fourteen (14) calendar days following receipt of the transfer records report from Settling Defendants (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed as Exhibit B-1 hereto, to be mailed by

Exhibit A

United States mail, postage prepaid to all Class Members who can be identified with reasonable effort;

    (b)  No later than five (5) business days after receipt of a request for a copy of the Long Form Notice Of Proposed Settlement of Class Action, the Claims Administrator or Lead Counsel shall cause a copy of the Long Form Notice Of Proposed Settlement of Class Action, substantially in the form annexed hereto as Exhibit B-2, to be mailed by first-class mail, postage prepaid, or emailed to any putative Class Member that makes such a request;

    (c)  Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator and Lead Counsel shall cause copies of the Long Form Notice Of Proposed Settlement Of Class Action and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits B-2 and D, respectively, to be posted in downloadable form on a website specific to the Settlement, www.molycorpsecuritieslitigation.com, and at www.kmllp.com; and

    (d)  Not later than fourteen (14) calendar days from the Notice Date, the Claims Administrator shall cause the Publication Notice to be published over a national newswire service; and

    (e)  At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

6.  Nominees who purchased or acquired Molycorp securities for the beneficial ownership of Class Members during the Class Period shall: (i) send the Postcard Notice to all such beneficial owners of Molycorp securities stock within five (5) business days after receipt of the Postcard Notice from the Claims Administrator; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within five (5) business days of receipt of the Postcard Notice from the Claims Administrator, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Lead Counsel shall, if requested and provided with proper supporting documentation, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses actually incurred in

Exhibit A

providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

## II.   HEARING: RIGHT TO BE HEARD

7. A hearing (the "Final Approval Hearing") shall be held before this Court at 4:00 p.m. on May 1, 2017, [a date that is no later than 100 calendar days from the date of this Preliminary Approval Order] at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 14C, 500 Pearl Street, New York, NY 10007, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment, as provided in ¶ 1.15 of the Stipulation, should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Final Approval Hearing without further notice to the Members of the Class.

8. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Final Approval Hearing. Replies to any objections, if any, shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

9. Any Member of the Class may appear and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not

simply postmarked on or before  April    10, 2017 [twenty-one (21) calendar days before the Final Approval Hearing], by

**Lead Counsel for the Class**

    **Kirby McInerney LLP**, Ira M. Press, 825 Third Avenue, 16th Floor, New York, NY 10022;

**Counsel for Defendants**

    **Cooley LLP**, Koji F. Fukumura, 4401 Eastgate Mall, San Diego, CA 92121 (counsel for Constantine E. Karayannopoulos, Mark A. Smith, Micahel F. Doolan, John F. Ashburn, Jr., and John L. Burba);

and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, on or before April  10, 2017 [twenty-one (21) calendar days before the Final Approval Hearing].  Such an objection must also include the name, address, and telephone number of the Person objecting, as well as proof of purchase or acquisition of Molycorp securities during the Class Period. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court. By objecting to the proposed Settlement as set forth in the Stipulation, the Judgment, the Plan of Allocation, and/or the award of attorneys' fees and expenses, or otherwise requesting to be heard at the Final Approval Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect the Person's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including the release of the Settled Claims provided for in the Settlement and Judgment).

    10.    Any Member of the Class may hire their own attorney, at their own expense, to represent them in making written objections or in appearing at the Final Approval Hearing.  If

any Class Member chooses to hire an attorney at their own expense, that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel so that the notice is received fourteen (14) days prior to the Final Approval Hearing.

11. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class. If the Settlement is approved, all Class Members will be bound by the Settlement, including, but not limited to, the release of the Settled Claims provided for in the Settlement, and by any judgment or determination of the Court affecting the Class Members, regardless of whether or not a Class Member submits a Proof of Claim.

12. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be approved.

13. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

### III. CLAIMS PROCESS

14. Class Members who wish to participate in the Settlement and receive a distribution from the Net Settlement Fund shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked and filed or submitted electronically no later than 120 calendar days after the entry of this Preliminary Approval Order. Each Proof of Claim form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim form shall be deemed to have been submitted when it was actually received by the Claims Administrator.

15. Any Class Member who does not timely and validly submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but nonetheless will be bound by all of the terms of the Settlement, including the releases provided therein, and shall be barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Settled Claim, and shall be bound by any judgment or determination of the Court affecting the Class Members. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

16. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

### IV. REQUEST FOR EXCLUSION FROM THE CLASS

17. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") by first-class mail such that it is postmarked no later than __April 10__, 201_7_ [twenty-one (21) calendar days before the scheduled date of the Final Approval Hearing], at the address specified in the Notice. To be valid, a Request for Exclusion must state all of the information requested by § II(G) of the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation. Any Person who fails to timely or properly opt-out, or whose request to opt out is not otherwise accepted by the Court, shall be deemed a Class Member, and shall be deemed by operation of law to have released all Settled Claims against the Released Parties.

## V.  MISCELLANEOUS

18. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. Neither the Defendants, Released Parties, nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20. All Taxes, Tax Expenses, and Notice and Administration Expenses shall be paid from the Settlement Fund without further order of the Court in a manner consistent with the provisions of the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of his counsel shall have any obligation to repay any amounts incurred and/or properly disbursed pursuant to ¶ 2.7 of the Stipulation.

21. All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in Section 2.6 of the Stipulation without further order of the Court up to a limit of $100,000. After the Effective Date, any notice and administration costs in excess of this amount shall be paid from the remainder of the Settlement Fund, subject to approval of Lead Counsel, without further order of the Court.

22. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

Exhibit A

23. Unless the Settlement is terminated or not finally approved, only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Settlement.

24. Unless otherwise provided in the Settlement, there shall be no distribution of any of the Net Settlement Fund to any Class Member until the Plan of Allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

25. If the Stipulation and the Settlement set forth therein fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except ¶¶ 20, 25) shall be null and void, the Settlement shall be deemed terminated, and the parties shall return to their positions as of June 27, 2016, without prejudice to the rights of the Settling Parties *status quo ante*, except that any notice and administration costs paid or incurred at the time of termination, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of termination need not be refunded to Settling Defendants or their insurer funding the Settlement.

**IT IS SO ORDERED.**

DATED: January 18, 2017

_____
PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

- 9 -