USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: May 15, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MOLYCORP, INC. SECURITIES LITIGATION | Civil Action No. 13-Civ-5697 (PAC) |

PAC ~~[PROPOSED]~~ FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated JAN 18, ~~2016~~ 2017, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of October 21, 2016 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that: PAC

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, this Court finally certifies this Action as a class action with a Class defined as all persons who purchased or otherwise acquired Molycorp securities from February 21, 2012 to October 15, 2013, inclusive. Excluded from the Class are the Settling Defendants, members of the immediate family of the Settling Defendants, all current and former directors and officers of the Company during the Class Period, and any firm, trust, partnership, corporation, officer, director or other individual or company, entity in which any of the Settling Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors-in-interest or assigns of any excluded Person. Also excluded from the Class are those Persons who request exclusion from the Class pursuant to the terms of the Stipulation and related Exhibits.

4. With respect to the Class, and for purposes of this Settlement only, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the Members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class that

predominate over any individual questions; (c) the claims of the Lead Plaintiff is typical of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action. Accordingly, for settlement purposes only, the Class is certified, Lead Plaintiff is appointed Class Representative, and Lead Counsel are appointed Class Counsel.

5. The Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing was given to all Class Members who could be identified with reasonable effort and was in accordance with the terms of the Stipulation and the Order. The form and method of notifying the Class of the pendency of the Action as a class action and the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States (including the Due Process Clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) the Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel representing the interests of the Settling Parties; and

(d) the record is sufficiently developed and complete to have enabled the Lead Plaintiff and the Defendants to have adequately evaluated and considered their positions.

7. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all Released Claims of the Class with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8. Pursuant to and in compliance with Federal Rule of Civil Procedure 23, the Court hereby finds that due and adequate notices of these proceedings was directed to all persons and entities who are Members of the Class, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities that are Members of the Class to be heard with respect to the Settlement. Thus, it is hereby determined that all Members of the Class, other than those persons and entities that are listed in Exhibit 1 hereto, are bound by this Judgment.

9. Upon the Effective Date, the Lead Plaintiff and each of the Class Members (on behalf of themselves and each of their respective present and former directors, officers, employees, parents, subsidiaries, related or affiliated entities, shareholders, members, divisions, partners, joint ventures, family members, spouses, domestic partners, heirs, principals, agents, owners, fiduciaries, personal or legal representatives, attorneys, auditors, accountants, advisors, banks or bankers, insurers, reinsurers, trustees, trusts, estates, executors, administrators, predecessors, successors, assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Class Member any of the Settled Claims (or to obtain the proceeds of any recovery therefrom)) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released,

relinquished, discharged, and dismissed all Settled Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release Form, seeks or obtains a distribution from the Settlement Fund, is entitled to receive a distribution under the Plan of Allocation, or has objected to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses. Upon the Effective Date, except as provided in ¶ 12 below, any and all persons and entities are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that person or entity is their actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, arising out of, or in connection with the Settled Claims, against each and every one of the Released Parties, whether arising under state, federal, common, statutory, administrative, or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and, except as provided in ¶ 12 below, the Released Parties are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to any of the Released Parties is their actual or threated liability to the Class or a Class Member in the Action) based upon, relating to, or arising out of the Settled Claims, against any person or entity, other than a person or entity whose liability to the Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, statutory, administrative, or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceedings, administrative proceeding, or other forum. Nothing herein shall bar, release or alter in any way, any obligations, rights or claims among or between the Released Parties.

10. Upon the Effective Date, any final verdict or judgment that may be obligated by or on behalf of the Class or a Class Member against any person or entity subject to the bar order

described in ¶ 9 above, shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of any of the Defendants for common damages; or (b) the Settlement Amount.

11. Upon the Effective Date, each of the Settling Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Settled Claims.

12. Notwithstanding any of the releases or the bar order above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the Stipulation.

13. Neither this Final Judgment, the Stipulation, the Supplemental Agreement, nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall be offered or received against the Released Parties, Lead Plaintiff, or other Members of the Class as evidence of, or deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties, or by Lead Plaintiff or any Members of the Class, with respect to the truth of any fact alleged by the Lead Plaintiff; the validity, or lack thereof, of any claim that has or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or of any liability, negligence, fault or wrongdoing of the Released Parties;

(b) shall be offered or received against the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties;

(c) is or may be deemed to be or may be used as an admission of, or evidence of, any presumption, concession, or admission by Lead Plaintiff that any of their claims are without merit or that any of the Settling Defendants had meritorious defenses;

(d) shall be construed against the Released Parties, Settling Defendants' Counsel, Lead Counsel, Lead Plaintiff, or the other Members of the Class as an admission or concession that the consideration to be paid under the Stipulation represented the amount which could be or would have been recovered after trial or that any damages potentially recoverable in the Action would have exceeded or would have been less than the Settlement Amount; or

(e) shall be constructed as or received in evidence as an admission or presumption against the Released Parties that class certification is appropriate in this Action, except for the purposes of this Settlement.

14. Settling Defendants and/or any Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

15. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation and Plan of Allocation in accordance with its terms and provisions. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb, affect or delay the finality of this Final Judgment or the Releases provided thereunder, shall not disturb, affect or delay the Effective Date of the Settlement, and shall be considered separate from this Final Judgment.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and

administering the Stipulation, including any releases and bar orders executed in connection therewith.

17. The Court finds and concludes that during the course of the Action, the Settling Parties and their respective counsel at all times and in all respects have complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants or any entity who paid such Settlement Amount on behalf of the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated to the extent provided by the Stipulation and, in such event, (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the Stipulation shall not be admissible in any trial of the Action and Lead Plaintiff and Settling Defendants reserve their rights to proceed in all respects as if the Stipulation had not been entered into, without any prejudice in any way from the negotiation, fact, or terms of the Stipulation.

19. The Escrow Agent appointed by Lead Counsel shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Defendant, or any other Released Party, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. Lead Counsel, Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to Class Members.

20. Lead Counsel are hereby awarded 30 % of the Settlement Fund for their attorneys' fees, which sum the Court finds to be fair and reasonable. Lead Counsel are hereby awarded $ 59 861.99 in reimbursement of litigation expenses, which expenses the Court finds

finds to be have been reasonably incurred. The foregoing amounts shall be paid to Lead Counsel from the Settlement Fund ten (10) days after the date this Final Judgment is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein. Lead Counsel may make payments of fees and expenses to counsel for other plaintiffs as Lead Counsel deems appropriate based on their relative contribution to the prosecution and resolution of the Action. Neither the Plan of Allocation submitted by Lead Counsel nor the portion of this Final Judgment regarding the attorneys' fee and litigation expenses application including any modification or change in the award of attorneys' fees and litigation expenses that may hereafter be approved, shall in any way disturb or affect this Final Judgment or the Releases provided hereunder and shall be considered separate from this Final Judgment.

21. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Stipulation.

22. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

DATED: May 15, 2017

Paul A. Crotty

PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE